The Honorable Brenda B. Gullett State Representative 28 Longmeadow Pine Bluff, AR 71603-6300
Dear Representative Gullett:
You have requested an Attorney General opinion in response to the following question:
 Can A.C.A. § 27-37-302, A.C.A. § 27-37-304, or A.C.A. § 27-37-306 be interpreted to prohibit mirror tint on a windshield that meets the light transmission requirements of those sections?
Response
It is my opinion, as explained more fully below, that light transmission requirements do not apply to windshield[1] tinting, and that other factors are determinative of whether windshield tinting is permissible under the provisions of A.C.A. § 27-37-302, A.C.A. § 27-37-304, or A.C.A. § 27-37-306. More specifically, it is my opinion that under these statutes, windshield tinting is not prohibited if: (1) it was installed by the manufacturer; (2) it does not obstruct the driver's view or the safe operation of the vehicle; and (3) it complies with all federal laws pertaining to this issue. Therefore, it is my opinion that even if certain windshield tinting meets the light transmission requirements that are stated in A.C.A. § 27-37-306, but does not meet the three requirements stated above, it is prohibited.
The light transmission requirements to which your question refers are stated in A.C.A. § 27-37-306. That statute governs only "after-market tinting material." (Although the statute does not define the term "after-market tinting," the term appears from the context to refer to window tinting that has been added to a vehicle's windows after manufacture of the vehicle.) The statute prohibits after-market tinting material on windshields. It allows after-market tinting on other windows in vehicles, provided that certain light transmission requirements are met. Because these light transmission requirements apply only to the "after-market tinting" that is permitted on windows other than windshields, I conclude that the light transmission requirements have no bearing on whether windshield tinting is permissible.
Rather, the question of whether windshield tinting is permissible is governed, in my opinion, by A.C.A. § 27-37-304. Before discussing that statute, I must point out that in my opinion, the provisions of A.C.A. §27-37-302 do not apply to the question of whether windshield tinting is permissible. That statute states:
 No person shall drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, sidewings, side, or rear windows of the vehicle other than a certificate or other paper required to be so displayed by law if it obstructs the operator's view or the safe operation of the vehicle.
A.C.A. § 27-37-302.
Although this statute does not define the term "nontransparent material," as used therein, it is my opinion, based upon a common-meaning reading of this term, see Ghegan v. Weiss, 338 Ark. 9, 991 S.W.2d 536 (1999) (in the absence of an ambiguity in statutory language, the words of a statute should be given their common meanings), that it refers to material through which light cannot pass, or which cannot be seen through. Windshield tinting is not "nontransparent." Light can usually pass through it, and it usually can be seen through. This interpretation of the term can be derived from the Merriam-Webster Dictionary definition of the term "transparent." Because this statute appears to govern "nontransparent material," it is my opinion that it does not govern windshield tinting.[2]
As noted previously, the pertinent provision for determining whether windshield tinting is permissible is A.C.A. § 27-37-304, which states:
 (a)(1)(A) It is unlawful for any person to operate a motor vehicle which has any substance or material except rearview mirrors and decals required by law attached to the windshield at any point more than four and one-half inches (41/2") above the bottom of the windshield if the substance or material obstructs the operator's view or the safe operation of the vehicle.
 (B) It is unlawful for any person to operate a motor vehicle which has any substance or material attached to the window of either front door except substances or materials attached by the manufacturer if the substance or material obstructs the operator's view or the safe operation of the vehicle.
 (2) The provisions of this section shall not apply to motorists driving motor vehicles registered in other states that have enacted legislation regulating the shading of windshields or windows of motor vehicles and who are driving on Arkansas roads and highways.
 (b) Nothing in this section shall prohibit the shading or tinting of windows of newly manufactured automobiles so long as the newly manufactured automobiles comply with all federal laws pertaining thereto.
(c) Violation of this section shall constitute a Class C misdemeanor.
A.C.A. § 27-37-304.
Under the unambiguous language of the above-quoted statute, any substance attached to the windshield is prohibited if it obstructs the operator's view or the safe operation of the vehicle. However, the statute is also unambiguous in allowing tinting in newly-manufactured vehicles if such tinting complies with federal law. I interpret this exception to refer to window tinting that is installed by the manufacturer of the car. I base this interpretation on the structure of the sentence. The fact that the statute says "so long as the newly manufactured automobiles comply," rather than "so long as the tinting complies" indicates that the tinting is deemed to be a part of the newly-manufactured vehicle, and not a feature that is added later. This interpretation is bolstered by a contrast with the reference in A.C.A. § 27-37-306 to "after-market tinting."
On the basis of these unambiguous provisions of A.C.A. § 27-37-304, I conclude that windshield tinting is permissible if: (1) it was installed by the manufacturer; (2) it does not obstruct the driver's view or the safe operation of the vehicle; and (3) it complies with all federal laws pertaining to this issue. The fact that certain windshield tinting may meet the light transmission requirements that are stated in A.C.A. §27-37-306 does not have any bearing upon whether the tinting is permissible.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Throughout this opinion, I will use the term "windshield" to refer to the window directly in front of the operator of a vehicle.
[2] Of course, if certain windshield tinting were so dark that light could not pass through it, or it could not be seen through, it would be nontransparent, and would be governed by this section (A.C.A. § 27-37-302), which would prohibit it.